National Car Rentals, Appellant, *v.* Allen et al., Appellees.

(No. 7490—Decided November 12, 1963.)

*Messrs. Robins, Metcalf & Preston,* for appellant.
*Messrs. Dresbach, Crabbe, Newlon & Bilger* and *Mr. James L. Graham,* for appellee Clifford C. Allen.
*Messrs. Freeman, Hoskins & Cline,* for appellee Robert S. McGrail.

Bryant, J. In the court below, National Car Rentals, operated by California Rent A Car, plaintiff, appellant herein, brought suit for $2,607.60 damages for loss of an automobile allegedly rented to Clifford C. Allen and Robert S. McGrail, defendants, appellees herein. That court overruled and later reconsidered and sustained the demurrer of defendant Robert S. McGrail to plaintiff's second amended petition. There was no dismissal of the proceeding.

Plaintiff gave notice of appeal on questions of law and made a single assignment of error, namely, the alleged error of the court below in sustaining the demurrer of Robert S. McGrail to the second amended petition.

In this court, counsel for defendants have filed a motion to dismiss the appeal for the reason that the sustaining of a demurrer to a petition when there is no dismissal of the cause or proceeding is not a final order.

A memorandum has been filed by counsel for defendants and an indication of service upon counsel for plaintiff. The motion to dismiss was filed on September 25, 1962. Counsel for plaintiff was under a duty under Paragraph 1, Rule III, Rules of the Courts of Appeals, to file an answer brief within ten days, but none has been filed, although as of the date of this opinion more than thirty days have passed.

This failure to answer is a strong indication that plaintiff has abandoned its appeal. But even if it has not, we are inclined to the opinion that the motion is well taken and must be sustained.

The rule is stated in 2 Ohio Jurisprudence (2d), 618, Appellate Review, Section 47, as follows:

"There is no final order which can be made the basis of an appeal on questions of law, where a cause has proceeded no further than the mere overruling or sustaining of a demurrer to a pleading of one side or the other, since such an order, without more, leaves the action still pending in the lower court. This rule has been applied to an order overruling a demurrer to a petition where the defendant answers or has leave to answer. It has also frequently been held that orders sustaining demurrers to pleadings are not, where dismissal does not ensue, reviewable final orders, such as the sustaining of a demurrer to a petition where the plaintiff may file an amended petition even though leave to amend has not been sought, the sustaining of a demurrer to the answer where the defendant files an amended answer, and the sustaining of a demurrer to a reply, where the plaintiff does not permit judgment to be entered, but files another reply. So long as an amendment is possible in such a case, there is no final order." See cases there cited.

For the reasons above set forth, the motion to dismiss must be, and hereby is, sustained, and the cause remanded.

*Motion sustained.*

DUFFY, P. J., and DUFFEY, J., concur.